UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALBERT K. SMITH,<br><br>                    Petitioner,<br>     v.<br><br>TIM THRASHER,<br><br>                    Respondent. | Case No. 3:24-cv-05901-JLR-TLF<br><br>ORDER DIRECTING PARTIES TO SUBMIT SUPPLEMENTAL BRIEFING |

The District Court has referred this action to United States Magistrate Judge Theresa L. Fricke. Petitioner Albert K. Smith, proceeding *pro se*, filed a federal habeas Petition pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkt. 4. Mr. Smith is in custody under a Kitsap County judgment and sentence imposed on March 31, 2017 for theft in the first degree and identity theft in the first degree. Dkt. 16-1 at 65-70 (State's Exhibit 1, Judgment and Sentence, Kitsap County Cause No. 16-1-00732-3).

In Respondent's Answer and Memorandum of Authorities, Respondent argues Mr. Smith's petition is untimely under 28 U.S.C. § 2244(d) and should be dismissed on that basis. Dkt. 15.

In his petition, Mr. Smith argues the Court should decide that 28 U.S.C. § 2244(d) does not bar him from raising an actual innocence claim, and he urges the Court to consider the merits. He contends he has made a substantial showing of actual

ORDER DIRECTING PARTIES TO SUBMIT
SUPPLEMENTAL BRIEFING - 1

innocence through new evidence. Dkt. 4-1 at 15-16. Mr. Smith asserts there are tax forms that would qualify as new evidence of actual innocence; he alleges the documents in question were in the possession of the State in June 2017, but not disclosed to Mr. Smith and his attorney until December 12, 2017. Dkt. 16-1 at 289-290 (State's Exhibit 9, Pro Se Supplemental SAG, Court of Appeals Cause No. 50397-2-II). He alleges if these tax forms were presented to the jury, they would not have found him guilty of theft in the first degree and identity theft in the first degree. *Id. See also* Dkt. 4-1 at 26; Dkt. 4-2 at 14-31.

The United States Supreme Court has held that there is an equitable exception to the AEDPA statute of limitations for a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned, however, that tenable actual innocence claims are rare. *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is demanding and rarely met).

To determine whether this standard is met, the Court considers "all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after trial." *Schlup,* at 328 (internal quotation omitted); *Lee v. Lampert,* 653 F.3d 929, 938-945 (9th Cir. 2011) (en banc). The petitioner is required to produce new reliable evidence not presented at trial, to substantiate a claim of actual

ORDER DIRECTING PARTIES TO SUBMIT
SUPPLEMENTAL BRIEFING - 2

innocence – factual innocence, not simply legal insufficiency -- that would open the gateway under *Schlup. Id.* , at 324; *Jaramillo v. Stewart,* 340 F.3d 877, 882-884 (9th Cir. 2003); *Majoy v. Roe,* 296 F.3d 770, 776 (9th Cir. 2002).

In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. The Supreme Court in *McQuiggin* further held that, "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *Id.* at 387.

Respondent references Mr. Smith's "new evidence" and "actual innocence" argument briefly without discussing the specific new evidence Mr. Smith refers to in his petition. Dkt. 15 at 13. At this time, the Court does not have sufficient briefing to determine whether Mr. Smith has made a credible showing of actual innocence based on the tax forms that were not presented during his trial.

Thus, the Court **ORDERS** the following:

1) Respondent must submit supplemental briefing addressing Mr. Smith's claim of actual innocence and whether Mr. Smith's petition should be equitably tolled as a result. Respondent's brief should be submitted by June 20, 2025.

2) Mr. Smith can respond to Respondent's supplemental briefing on this limited issue by July 11, 2025; and

3) The Clerk is directed to re-note Mr. Smith's petition to July 11, 2025.

Dated this 30th day of May, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DIRECTING PARTIES TO SUBMIT
SUPPLEMENTAL BRIEFING - 4