UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALBERT K. SMITH,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>TIM THRASHER,<br><br>　　　　　　Respondent. | CASE NO. C24-5901JLR<br><br>ORDER |

## I.　INTRODUCTION

Before the court are (1) United States Magistrate Judge Theresa L. Fricke's report and recommendation, in which she recommends that the court dismiss *pro se* Petitioner Albert K. Smith's 28 U.S.C. § 2254 petition for a writ of habeas corpus as time-barred and (2) Mr. Smith's objections thereto. (R&R (Dkt. # 25); Objections (Dkt. # 26); *see* Petition (Dkt. # 4).) The court has considered Magistrate Judge Fricke's report and recommendation, Mr. Smith's objections, the relevant portions of the record, and the governing law. Being fully advised, the court ADOPTS the report and recommendation,

ORDER - 1

DISMISSES Mr. Smith's habeas petition as time-barred, and DENIES a certificate of appealability.

## II.    BACKGROUND

Because Mr. Smith has not objected to the report and recommendation's discussion of his state-court conviction, appeals, and personal restraint petitions ("PRPs") the court adopts that discussion in its entirety. (R&R at 1-4; *see generally* Objections.)

Mr. Smith filed the instant § 2254 habeas petition on October 25, 2024. (*See* Prop. Petition (Dkt. # 1).) He challenges his March 31, 2017 conviction and sentence, following a jury trial, on two counts: theft in the first degree and identity theft in the first degree. (*See generally* Petition; *see* State Court Record (Dkt. # 16), Ex. 1, at 64-76 (judgment and sentence).) Mr. Smith raised four grounds for habeas relief in his petition, including violation of his right to a fair trial by failing to present sufficient evidence to support his convictions; two violations of his Sixth Amendment right to confrontation; and failure to prove all elements of first-degree theft beyond a reasonable doubt. (*See* R&R at 4 (citing Petition; Affidavit (Dkt. # 4-2)).)

After reviewing Mr. Smith's state-court appeals and PRPs, Magistrate Judge Fricke concluded that judgment on Mr. Smith's March 31, 2017 conviction and sentence became final on July 30, 2019—90 days after the Washington Supreme Court denied his petition for review. (*See id.* at 5-6.) Thus, absent tolling, the one-year statute of limitation for Mr. Smith to file his habeas corpus petition expired no later than July 30, 2020. (*See id.* at 7); *see* 28 U.S.C. § 2244(d)(1). Magistrate Judge Fricke concluded that the statute of limitations had not been tolled because (1) Mr. Smith did not timely seek

collateral review of his conviction and sentence in state court, preventing tolling under 28 U.S.C. § 2244(d)(2) (R&R at 6-7); and (2) Mr. Smith was not entitled to equitable tolling because he did not establish that "extraordinary circumstances" prevented him from filing a timely petition (*id.* at 7-10); *see Holland v. Florida*, 560 U.S. 631, 649 (2010) (requiring petitioner to show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented timely filing); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (denying the federal habeas petition of a petitioner who filed beyond the deadline without any valid justification). Magistrate Judge Fricke further concluded that Mr. Smith was not entitled to raise an actual innocence claim because he failed to support his claim of actual innocence with reliable evidence. (R&R at 10-13); *see* 28 U.S.C. § 2244(d)(1)(D); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (providing an equitable exception to the statute of limitations where petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt").

Having concluded that Mr. Smith's habeas petition was barred by the statute of limitations, Magistrate Judge Fricke found that an evidentiary hearing was unnecessary because the petition could be resolved on the existing state court record. (R&R at 13.) She recommends that the court deny a certificate of appealability because "no jurist of reason" could disagree with the conclusion that Mr. Smith's petition is barred or conclude that the issues presented in his petition should proceed further. (*Id.* at 14 (first citing 28 U.S.C. § 2253(c)(2); and then citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

1    Mr. Smith filed his objections on September 8, 2025. (*See* Objections) Mr. Smith

2   objects to the report and recommendation on the following grounds:

3    (1) Honorable Judge Fricke denied tolling[,] [i]ndicating tolling do[es] not apply to covid.

4    (2) Petitioner failed to exercise due diligen[ce].

5    (3) New evidence was clearly available.

    (4) New evidence was not part of the record.

6    (5) Petitioner fails to establish a constitutional error and only uses v[a]gue ref[erences].

7

    (6) Surgery is not argued in state court[.]

8    (7) Ineffective coun[sel] was not argued in state court.

9   (*Id.* at 1-2.) Respondent did not respond to Mr. Smith's objections. (*See generally* Dkt.)

10                    **III.    ANALYSIS**

11    A district court has jurisdiction to review a magistrate judge's report and

12   recommendation on dispositive matters. Fed. R. Civ. P. 72(b). The district court "shall

13   make a de novo determination of those portions of the report or specified proposed

14   findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "A

15   judge of the court may accept, reject, or modify, in whole or in part, the findings or

16   recommendations made by the magistrate judge." *Id.* Because Mr. Smith is proceeding

17   *pro se*, the court must interpret his petition and objections liberally. *See Bernhardt v. Los*

18   *Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

19    The court has carefully considered Mr. Smith's objections and has reviewed

20   Magistrate Judge Fricke's report and recommendation de novo in light of those

21   objections. Having done so, the court agrees with Magistrate Judge Fricke's

22

recommendations for the reasons set forth in the report and recommendation. Accordingly, the court OVERRULES Mr. Smith's objections and ADOPTS the report and recommendation in its entiretly. The court DISMISSES Mr. Smith's habeas corpus petition with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the court OVERRULES Mr. Smith's objections (Dkt. # 26) and ADOPTS Magistrate Judge Fricke's report and recommendation (Dkt. # 25) in its entirety.  Mr. Smith's 28 U.S.C. § 2254 petition for a writ of habeas corpus is DISMISSED with prejudice.  A certificate of appealability is DENIED for the reasons set forth in Magistrate Judge Fricke's report and recommendation.  The Clerk is DIRECTED to close this case.

Dated this 25th day of September, 2025.

JAMES L. ROBART
United States District Judge